1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EZRA L. BEDESKI,

          Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

NO.  CV-11-118-RHW

**ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

     Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 14 and Defendant's Motion for Summary Judgment, ECF No. 16. The motions were heard without oral argument. Plaintiff is represented by Maureen Rosette. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Jeffrey McClain.

**I.    Jurisdiction**

     On February 11, 2009, Plaintiff Ezra L Bedeski filed an application for Supplemental Social Security Income (SSI) and Social Security Disability Insurance Benefits (SSDIB). Plaintiff alleges that he has been disabled since January 1, 2007.

     His application was denied initially on March 27, 2009, and again denied on reconsideration on May 1, 2009. A timely request for a hearing was made.  On November 10, 2009, Plaintiff appeared in Spokane, Washington before Administrative Law Judge (ALJ) Marie Palachuk. Sharon Welter, vocational expert, also appeared at the hearing. Plaintiff was represented by attorney Dana C.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT~ 1**

Madsen.

The ALJ found that Plaintiff was not disabled from January 1, 2007 through December 4, 2009. Plaintiff timely requested review by the Appeals Council, which was denied March 16, 2011. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. (42 U.S.C. §405(h)). Plaintiff filed an appeal with the U.S. District Court for the Eastern District of Washington on March 29, 2011. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ  proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 2**

combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform his previous work, he is not disabled.  *Id.*  If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience?  20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity.  *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 3**

findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors  as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**IV.   Statement of Facts**

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

 At the time of the hearing, Plaintiff was thirty-four years old. He graduated from high school, but received special education in reading, math and spelling. He attended community college for one and a half years, studying culinary arts. He did not receive his degree. He has worked in the restaurant industry and at fast food establishments, as well as has worked as a telemarketer and janitor. Plaintiff generally worked at his place of employment for a couple of months at a time; however, there were a few places where he worked significantly longer. It does not

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 4**

appear that he gets fired from his jobs; rather he quits. He told Dr. Severinghause that he quit his last job because he didn't feel like he belonged, people were talking behind his back, and he was not getting the hours he wanted. (Tr. 227.)

At the hearing, Plaintiff testified he quit work in 2008 because he began experiencing tremors, in which his hands and legs begin to shake. He also blacks out during the episodes. After these episodes, things are hazy and it takes about a half hour to about an hour to get control back to his body. He testified that the tremors occur about two or three times a month and some of them lead into seizures.

Plaintiff testified that his roommate has told him that his seizures last between five to fifteen minutes. Afterward, Plaintiff feels like a Mack truck hit him. His body is sore and he can barely move. He stated that this feeling lasted about an hour. He testified that the seizures happen about three to four times a month.

Plaintiff is taking medication for the seizures and tremors, and he reported that they are helping, but he still has one or two seizures. He also has trouble sleeping because of his hip, back, and leg pain. He attributed his headaches, which he reported occurring three to four times a month and lasting 15 to 20 minutes, to his back pain.

Plaintiff reported that he spends most of his days laying down or sitting down because of his pain. He doesn't vacuum, sweep, mop or do the laundry. He reports that he does the dishes. He testified that he used to do marijuana in high school, but he quit when he was in the 12th or 13th grade.

## V.    The ALJ's findings

The ALJ found that Plaintiff met the insured status requirement through March 31, 2011.

At step one, the ALJ found that Plaintiff has not engaged in substantial

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 5**

gainful activity since January 1, 2007. (Tr. 55.) She noted that although Plaintiff earned money in 2007 and 2008 working as a cook, cook helper, and kitchen helper, the monetary amounts earned by the work were presumptively not substantial gainful activity. (Tr. 55.)

At step two, the ALJ found Plaintiff has the following severe impairments: seizure disorder and mild learning disorder. (Tr. 55.) The ALJ concluded that Plaintiff's history of kidney stones and lumbar back pain were not severe impairments as they imposed no more than a minimal or *de minimus* limitation upon Plaintiff's ability to do work-related activities. (Tr. 55.)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (Tr. 60.) She found that neither "paragraph B" criteria or "paragraph C" criteria was not satisfied, but noted that Plaintiff has the following limitations: mild restriction of activities of daily living; mild difficulties in maintaining social function; mild difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation. (Tr. 60-61.)

At step four, the ALJ found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: needing additional time to learn new tasks due to his slight learning disability.[1] (Tr. 61.) She concluded that telephone work would be difficult due to his slight speech impediment, and he should avoid concentrated exposure to hazards, such as machinery and heights, and he should not drive. (Tr. 61.) She concluded that Plaintiff could return to past relevant work

---

[1]The ALJ posed the following hypothetical to the vocational expert: this individual has no exertional limitations and no specific mental limitations, except that the individual would need additional time to learn tasks and has a speech impediment that would make consistent telephone work difficult. (Tr. 46.)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 6**

as a short-order cook, fast-food cook, kitchen helper, cook helper, and janitor. (Tr. 63.)

## VI.   Issues for Review

Plaintiff presents the following issues with respect to the ALJ's findings:

1.  Whether there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled;

2.  Whether the ALJ properly considered the opinions of treating and examining sources in evaluating Plaintiff's psychological impairment;

3.  Whether the ALJ properly found that Plaintiff's testimony was not credible;

4.  Whether the ALJ properly evaluated the lay witness testimony.

## VII.   Discussion

Plaintiff asserts that he is more limited from a physical and psychological standpoint that reflected in the ALJ's decision. Plaintiff argues that Dr. Mabee assessed his ability to do work activities, and concluded she would have moderate limitations in the ability to exercise judgment and make decisions; perform routine tasks, respond appropriately to and tolerate the pressures and expectations of a normal work setting; care for self, including personal hygiene and appearance, controlling physical or motor movements, and maintaining appropriate behavior, and determined that Plaintiff would have marked limitation in the ability to relate appropriately to coworkers and supervisors.

Dr. Mabee, in conjunction with Ms. Jamieson-Turner, opined that these limitations were expected to last a maximum of six months. (Tr. 250) Both suggested counseling for Plaintiff. (Tr. 260.) There is nothing in the record to suggest that Plaintiff engaged in ongoing mental health treatment. Moreover, he is not on medication for any psychological condition.

An alleged medically determinable impairment must result from anatomical,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 7**

physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). It cannot be established only by a claimant's statements regarding his symptoms.  20 C.F.R. §§  404.1508, 416.908. Additionally, the impairment must last or be expected to last for at least 12 months. 20 C.F.R. §§ 404.1508-09, 416.908-09.

Plaintiff has not met his burden of showing that he has a medically determinable mental impairment that meets the statutory definition besides his mild learning disorder. Additionally, the record does not support the existence of a medically determinable mental impairment other than Plaintiff's mild learning disorder.

Plaintiff also argues that the ALJ did not properly consider his symptom testimony or it was not properly rejected.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted); *accord Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 8

1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

Plaintiff focuses on his testimony regarding his seizures. He maintains the ALJ did not state specifically why his testimony regarding the frequency of his petite mal seizures and the frequency of his grand mal seizures were not credible and what facts in the record led to that conclusion. At the hearing, his counsel added to the hypothetical posed by the ALJ the following conditions: that the individual has a seizure disorder and the petite mals occur two to three times per month and last two to three minutes, and then for a half an hour after that the individual feels really poor and can't really do anything, and also had three to four grand mal type seizures per month, and after these, the individual feels poor for about an hour; the seizures occur unpredictably and can occur at any time. (Tr. 47.) The vocational expert responded that such an individual would not be able to maintain competitive employment. (Tr. 47.)

Here, the ALJ set forth clear and convincing reasons for his adverse credibility findings. He noted the inconsistent statements in the medical records when compared to his testimony at the hearing. (Tr. 62.) For instance, he noted that Plaintiff's testimony regarding the severity and frequency of his seizures were completely at odds with what he told Dr. Powell, his reported activities of daily living to Dr. Severinghaus and Dr. Mabee was inconsistent with his testimony at the hearing, his EEG was normal, and it appeared that Dr. Powell was not convinced that he had a seizure disorder, but put him on medications simply as a precautionary measure. (Tr. 62.) Plaintiff testified he has five to fifteen minute

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 9**

1  seizures, which occur three to four times a month, yet he told Dr. Powell that he

2  had three seizures over the last six years and two seizures in the last 2 years.

3      Moreover, the ALJ concluded that his report of his drug use was

4  inconsistent. He testified that he used illegal drugs in high school, but reported to

5  Dr. Powell that he smokes marijuana once a month. Additionally, in March, 2009

6  he told Dr. Severinghaus that he had occasional lower back pain, reported that he

7  could clean his house, including doing laundry and denied needing any physical

8  assistance.

9      The ALJ also relied on objective evidence of symptom exaggeration.

10  Notably, Plaintiff's MMPI-2 test result was invalid due to possible exaggeration,

11  over reporting of symptoms, serious psychological or emotional problems, or may

12  wish to give that impression. Also, Plaintiff consistently told his treatment

13  providers that he was bipolar and had attention deficit hyperactivity disorder, but

14  as the ALJ pointed out, there was no basis in the treatment notes to support either

15  diagnosis. Ms. Jamieson-Turner indicated that there was insufficient evidence to

16  suggest that Plaintiff has bipolar disorder. (Tr. 260.)

17      Plaintiff has not shown that the ALJ committed legal error in finding that

18  his testimony regarding the frequency and description of his seizures was not

19  credible.  Moreover, the ALJ's credibility findings are supported by the record.[2]

20      Finally, Plaintiff argues the ALJ improperly rejected a letter written by his

21

22      [2]On December 23, 2009, Dr. Powell made the following notation:

23
    Ezra presents for followup evaluation. He states that he is having
24   several episodes of tremors. He demonstrates this for me today. It
     appears to be simply related to anxiety. Both hand are shaking in a
25   rotary type fashion. There is no loss of awareness. It does not
     involved other parts of his body. He states he could have had a couple
26   of other seizures. He brings some letters from his friends who say that
     they are seeing seizure activity. I am near certain that it is not an
27   epileptic phenomenon. He is going through the process of trying to
     maintain his disability. All this activity increased during that time. I
28   am convinced that it is likely psychogenic.

(Tr. 356.)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT~ 10**

roommate, in which he stated that he had been Plaintiff's roommate for three years and friend for 13 years.[3] He reported he had witnessed Plaintiff experiencing seizures anywhere from five to six times a month and after he took his medication, he would have two to three seizures. The ALJ did not refer to this letter in his Order.

Defendant argues that while the exclusion of the letter was legal error, the error was harmless in this case because the ALJ would not have reached a different conclusion even if he fully credited the lay witness statement. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2005). In that case, the Ninth Circuit instructed that where the ALJ erred in failing to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.

Here, even if the ALJ fully credited Mr. Collins' lay testimony, no reasonable ALJ would have concluded that Plaintiff was disabled because of his seizure disorder. The letter does not offer any discussion of specific functional limitations that could be used in making a residual functional capacity. Nor does it provide insight into the number and duration of the seizures post-medication. If anything, it supports a conclusion that Plaintiff has experienced a drastic reduction in his seizure symptoms, which would support the ALJ's residual functional

---

[3]The letter contained the following:
To Whom it may concern,
    I Lee W. Collins am a witness to Ezra Bedeski taking Lamotrigiue and since start this medication he has had several seizures and he and been my roommate 3 years and friend for 13 years. He's had this happen to 5 or 6 times a month befor [sic] starting his medication. It has slowed down a lot since starting I've only seen him have 2 or 3 since starting the new med.
(Tr. 215.)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 11**

capacity.[4]

Plaintiff has not met his burden of showing that the ALJ committed legal error, or that her conclusion that Plaintiff was not disabled from January 1, 2007 to December 4, 2009 was not supported by substantial evidence.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

3. The decision of the Commissioner denying benefits is affirmed.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 25th  day of February, 2012.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2011\Bedeski\sj.wpd

---

[4]This conclusion is supported by Plaintiff's self-reporting in his September, 2009 follow-up appointment to his July, 2009 appointment that he had no more episodes. (Tr. 338.)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 12**